Dreyfous vs. Hart.

---

## No. 9181.

### E. E. DREYFOUS vs. M. J. HART.

The award of arbitrators, appointed under a submission, as arbitrators "properly so called," rendered without fixing a day or days of meeting, or without notice of such meeting or meetings, to either party, is a nullity.

The refusal of one of the arbitrators and of the umpire to hear and consider. testimony on contested matters, is equally fatal to the validity of the award.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

---

*Braughn, Buck & Dinkelspiel* for Plaintiff and Appellee:

A.  The law favors the settlement of differences between man and man by means of arbitration and instead of retarding or keeping back just such arbitration as this it is highly favored and ought to be liberally construed.  C. C. Art. 3102; Jackson vs. Amber, 14 Johnson, N. Y. Reports, 96.

B.  Arbitrators signing an award cannot be led to contradict his action and say he did not concur.  Campbell vs. Western, 3 Pages, Reports. 124 C. C. Art. 3131.

C.  In order to make an award binding it is unnecessary for the arbitrators to give their reasons or detailed facts, all that can be asked of them is, that in their decision they finally, fairly and honestly settle the differences between the parties understandingly.  Morse, on awards, p. 265, and numerous authorities there cited.  Talcot & MacKibbon, *et als* 2 M., pp. 293 to 305; Porter vs. Dugat, 11 M. 247, *et seq.*

D.  The umpire chosen by the parties themselves, has a legal right to be constantly present at the deliberations of the arbitrators, and the decision thus made by all three of the judges, instead of two, will not vitiate, but on the contrary, ought of necessity to enhance the same.  Fisher's Digest, Vide Arbitrators, p. 386.

E.  The submission of a controversy to arbitrators implies an agreement to abide by the award, when made without express agreement otherwise.  2 Barbour N. Y. Reports, 430.

59

F. Testimony of witnesses may be dispensed with either by the consent, actual or passive, of the parties to the submission, or by the circumstances and nature of the matters to be passed on. Morse, on Arbitration and Award, p. 143, and authorities there cited.

### *Chas. S. Rice* for Defendant and Appellant:

Any one of the following irregularities will vitiate the award of arbitrators, or of the umpire appointed to make an award in their stead, in case they do not agree :

1. The sitting of the umpire with and taking part in the deliberations of the arbitrators, and his exercising the functions of umpire before it has been finally determined that the arbitrators will not agree. Haven vs. Winnisimmet, 11 Allen, 384 and 386 ; Lyon vs. Blossom, 3 Duer, (N. Y.) 319 ; Morse, on Arb. and Award, pp. 241, 242, 247.

2. The refusal of one of the arbitrators, joined by the umpire, to hear or consider testimony ; and the substitution of an *estimate* made by them, as an award, in lieu of an award founded on *proved* facts. C. C. Arts. 3112, 3113 ; C. P. 450 ; Roper vs. Magee, 10 Ann. 62 and 63 ; Warner vs. Collins, 135 Mass. 26.

3. The failure and neglect—in the present case *intentional*—of the arbitrators and umpire to notify defendant of the time and place of the meeting of arbitrators. In addition to the last above : Penny vs. Carl., 10 Ann. 202 ; Abot vs. Holmes, 3 La. 351 ; Locke vs. Dakin, 15 La 426 ; Billings vs. Billings, 110 Mass. 255 ; Conrad vs. Massasoit Insurance Co. 4 Allen, 20 to 22 ; Hook vs. Philbrick, 23 N. H. 288 ; Jordan vs. Hyatt, 3 Barb. (N.Y.) 275.

4. The failure to set forth the award, with sufficient precision and minuteness, to enable the court to determine whether the arbitrators and umpire considered, or correctly rejected or allowed, the several claims mentioned in the articles of submission. McMicken vs. Ficklens, 11 La. 314 ; C. P. 455 ; Adams vs. Adams, 8 N. H. 82

5. The fact that the award is grossly excessive of plaintiff's most exaggerated demand. Briggs vs. Frank, 5 Watts. (Pa.) 478.

Arbitrators are those properly so-called, "who determine according to the strictness of the law," and amicable compounders, who '' are authorized to abate something of the strictness of the law, in favor of the natural equity." C. C. Arts. 3109, 3110.

The awards of arbitrators, properly so-called, are subject to revision or reversion by the court for errors of any sort, whether errors of fact or want of legal requisites to a valid award. Code of Practice, Arts. 459, 460 ; Bird vs. Laycock, 7 Ann. 171 *et seq.*; Davis vs. Leeds, 7 La. 476.

An invalid award cannot be made the basis of a judgment. Donovan vs.Owen, 10 Ann. 463.

---

The opinion of the Court was delivered by

POCHÉ, J. This litigation grows out of the following facts and incidents : 

Under a contract, plaintiff tore down some old buildings on defendant's premises, and built a new house, using therein such materials of the old buildings as could be safely used.

Differences having arisen between the parties when they came to a settlement, a suit was filed by the defendant to recover an amount alleged to have been overpaid to plaintiff, the builder. Pending this. litigation, the parties agreed to submit their differences to arbitrators "properly so-called," with full power to ascertain the cost of the building, the cost of tearing down and removing the old buildings, and the credits to be given to Hart for the value of the materials used from the

old buildings as well of the new materials furnished by Hart, and to finally adjust the accounts between the parties.

One arbitrator was selected by each of the parties, and the submission provided for and selected an umpire to act in case of disagreeement between the arbitrators.

In due course a report signed by both the arbitrators and by the umpire, was submitted, and the object of the present suit is to make their award executory.

The award reads as follows:

" We, the undersigned, appointed as arbitrators and umpire in the difference between Emile E. Dreyfous and M. J. Hart, relative to the cost of building Nos. 472 and 474 Camp street, make this our final report, to-wit: That the building is worth ($15,432 31) fifteen thousand, four hundred and thirty-two dollars and thirty-one cents.

" We find credits in favor of M. J. Hart, amount to ($10,614 12) ten thousand, six hundred and fourteen dollars and twelve cents, leaving a balance due E. E. Dreyfous, ($4,818 19) four thousand, eight hundred and eighteen dollars and nineteen cents.

"All unseen work previously agreed upon is not included in this report."

For various reasons, to be hereinafter stated and considered, the defendant objected to the award, and he has taken this appeal from a judgment condemning him to pay to plaintiff the sum of $3800.

The judgment appealed from does not in terms dispose of the award, which, however, seems to have been the groundwork of the judgment as rendered.

The district judge does not inform us of the reasons or considerations on which he predicated his moneyed judgment against the defendant in a sum different from the amount awarded by the arbitrators; and we find no evidence in the record sufficient or full enough to justify us in either affirming or reversing the judge's finding in favor of plaintiff, independent of the award.

Our examination must, therefore, be confined to the question of the validity of the award of the arbitrators, which is resisted by the defendant on substantially the following grounds:

1. The failure of the arbitrators and umpire to notify the defendant of the time and place of their meeting for the purpose of examining the matter submitted to them.

2. The refusal of one of the arbitrators and of the umpire to hear or consider testimony on matters contested, in the interest of the defendant, by the other arbitrator.

3. The sitting of the umpire and his taking part with the arbitrators in their deliberations before the occurrence of any disagreement between the latter.

4. The failure of the award to state with precision the various amounts of credit and debit admitted and rejected by the arbitrators and the umpire.

5. The fact that the award is grossly excessive of plaintiff's most exaggerated demand.

As the first two objections are sufficient to invalidate the award we shall confine our examination to these two:

1. The testimony of the arbitrators and of the umpire shows conclusively that they gave no notice whatever to either of the parties of their numerous meetings for the purpose of examining the matters submitted to them.

It also appears from their testimony as well as from the tenor of their award that they conceived their duty to consist in an examination, in a measurement of dimensions, and in an evaluation of the building, when, under the submission and under the law, their duty was to ascertain the actual cost of the materials used and of the labor employed in the construction of the building and to strike the difference between the same and the amounts paid by Hart, either in money or materials furnished by him. Their power as arbitrators was limited to what was explained in the submission. C. C. Art. 3104.

A proper exercise of that power imposed on them the duty to determine as judges, agreeably to the strictness of the law. C. C. Art. 3110. Their first step in the accomplishment of their duty was to hear the parties. Judges cannot adjudicate or dictate on controversies without a hearing of the parties. Hence, Article 3113 of the Civil Code requires that: "The arbitrators shall appoint a time and place for examining the matter to them submitted and give notice thereof to the parties or their attorneys." C. P. Art. 450; Penny vs. Carl, 10 Ann. 202; Hunt vs. Zuntz, 28 Ann. 502.

2. The record shows that during the proceedings, one of the arbitrators, acting in behalf of the defendant Hart, requested his associates to consider a detailed bill of lumber alleged to have been paid by Hart and used in the construction of the house. This was peremptorily and arbitrarily refused by the others who pretended that the safer way of establishing the quantity of lumber furnished by Hart was through measurements of the materials used in the building. Their bounden duty, under their oaths and under the law, was to consider the bill, and

to ascertain, by testimony, what, if any, part of the lumber therein charged had been used by plaintiff, the builder, for the purposes of the house. This was the only lawful means of establishing the amount of credits to which Hart was entitled on account of materials furnished by him. C. C. Arts. 3114, 3115.

Their plan of refusing to consider detailed bills and to test their correctness, by competent testimony, and of relying on their judgments as experts was radically wrong. It was not one of the powers conferred to them by the submission and it is not sanctioned by law.

It has been held that such a course cannot be adopted and will not be tolerated even in a court of justice. Much less will it be allowed to arbitrators, whose powers are to be strictly construed, because they are closely circumscribed in law. Spenen vs. Cullom, 36 Ann. 213.

It is, therefore, clear that both (indeed each) of the objections which we have just considered, are legally sufficient to completely invalidate the award of the arbitrators. An attempt was made by plaintiff to prove an agreement between the parties through their respective counsel, to waive their rights to notification and to the introduction of evidence before the arbitrators. But it has utterly failed.

For the reasons stated in the first part of this opinion, and owing to the absence of any recital or statement in the award showing the basis of the arbitrator's conclusions, we have no means of ascertaining the correctness of the moneyed judgment rendered herein by the lower court, if intended to be maintained, irrespective of the award. Hence, our sole duty is to remand the cause for correct proceedings.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the award or arbitrators submitted in this case be rejected and set aside as invalid and null; and that this case be remanded to the lower court for further proceedings according to law; costs of appeal to be paid by the appellee, costs below to await a final decision.